IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TRUSTEES OF THE CASCADE PENSION TRUST**, | Case No. 1:24-cv-00714-MC |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| **LACY HARJU and AMANDA R. LEONARDO**, each individually and in their capacities as Co-Personal Representatives of the ESTATE OF LORRIN PATRICK JACKSON; and **SANDRA DEE NELSON**, | |
| Defendants. | |

_____

MCSHANE, J.:

Plaintiffs, Trustees of the Cascade Pension Trust ("Trust"), bring this interpleader action seeking to deposit the Death Benefits of decedent Lorrin Patrick Jackson ("Decedent") into the Court registry and to discharge their obligations to Defendants as alleged beneficiaries of the Decedent's estate. Pls.' Compl., ECF No. 1 ("Complaint"). Defendants Lacy Harju, Amanda R. Leonardo, and the Estate of Lorrin Patrick Jackson (collectively, "Estate Defendants") move to dismiss Plaintiffs' action, asserting that Plaintiffs are required to pay the benefits at issue to the Decedent's Estate. Defs.' Mot. Dismiss, ECF No. 12 ("Motion"). For the following reasons, Defendants' Motion is DENIED.

1 – OPINION AND ORDER

**BACKGROUND**

Plaintiffs are the named fiduciaries of the Cascade Pension Trust, an employee pension benefit plan established by the International Brotherhood of Electrical Workers ("the Brotherhood") to provide retirement and death benefits to its members.[1] Complaint 2–3. Defendants Lacy Harju and Amanda R. Leonardo are Decedent's daughters and Co-Personal Representatives of his Estate. *Id.* at 2. Defendant Sandra Dee Nelson was Decedent's unmarried domestic partner. *Id.*

Prior to his death, Decedent worked as an electrician for the Brotherhood and accumulated benefits with the Trust valued at $255,505.56 as of April 1, 2024. *Id.* The Trust's Plan provided that the participant could designate beneficiaries of his Death Benefit prior to his death, and that in the absence of such designation, the Benefit was payable to the participant's spouse, or else to his estate. *Id.* at 4. The Decedent and Defendant Nelson were not married, so under the Plan's terms, the Death Benefit was payable upon Decedent's death to the beneficiary designated by Decedent, if there was one, or else to Decedent's estate. *Id.* at 2, 4.

The Plan contains procedures for designating death beneficiaries and requires that designations be dated and in writing. *Id.* at 4. The beneficiary designation form instructs the participant to "read, sign and return this form." *Id.* On or about January 14, 2015, the Trust received an unsigned, undated beneficiary designation form ("Purported Beneficiary Designation"). *Id.* at 5. The form appears to have been completed by two different people, designates Defendant Nelson as primary beneficiary of 100% of the Death Benefit, and does not name an alternate beneficiary. *Id.* The Trust did not notice that the form was unsigned and undated. *Id.*

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

Decedent died on or about January 1, 2023. *Id.* at 3. After his death, both Defendant Nelson and the Estate Defendants made claims to the Decedent's Death Benefit. *Id.* at 5. The Trust remains uncertain about the proper beneficiary or beneficiaries of the Benefit. *Id.* at 5–6. As stated in their Complaint:

> If the Purported Beneficiary Designation was a valid act of Decedent, then under the terms of the Trust's Plan the Death Benefit is due and payable to [Defendant Nelson]. If on the other hand the Purported Beneficiary Designation was not a valid act of Decedent, then under the terms of the Trust's Plan the Death Benefit is due and payable to the Estate Defendants. Plaintiffs are currently unable to pay out the Death Benefit to one or the other set of Defendants without the risk of double liability.

*Id.*

On April 26, 2024, Plaintiffs filed their Complaint requesting to discharge the Trust's obligations by depositing the Death Benefit into the court registry and discharging Plaintiffs from further liability to Defendant Nelson and the Estate Defendants. *Id.* at 6. Plaintiffs ask the Court to require Defendants to litigate among themselves their claims to the Benefit. *Id.* Plaintiffs also ask for reasonable attorney's fees and costs to be paid from the Death Benefit. *Id.* Estate Defendants filed this Motion to Dismiss, arguing that Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6). Motion 2–3.

## STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-

Case 1:24-cv-00714-MC   Document 21   Filed 09/30/24   Page 3 of 8

Decedent died on or about January 1, 2023. *Id.* at 3. After his death, both Defendant Nelson and the Estate Defendants made claims to the Decedent's Death Benefit. *Id.* at 5. The Trust remains uncertain about the proper beneficiary or beneficiaries of the Benefit. *Id.* at 5–6. As stated in their Complaint:

> If the Purported Beneficiary Designation was a valid act of Decedent, then under the terms of the Trust's Plan the Death Benefit is due and payable to [Defendant Nelson]. If on the other hand the Purported Beneficiary Designation was not a valid act of Decedent, then under the terms of the Trust's Plan the Death Benefit is due and payable to the Estate Defendants. Plaintiffs are currently unable to pay out the Death Benefit to one or the other set of Defendants without the risk of double liability.

*Id.*

On April 26, 2024, Plaintiffs filed their Complaint requesting to discharge the Trust's obligations by depositing the Death Benefit into the court registry and discharging Plaintiffs from further liability to Defendant Nelson and the Estate Defendants. *Id.* at 6. Plaintiffs ask the Court to require Defendants to litigate among themselves their claims to the Benefit. *Id.* Plaintiffs also ask for reasonable attorney's fees and costs to be paid from the Death Benefit. *Id.* Estate Defendants filed this Motion to Dismiss, arguing that Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6). Motion 2–3.

## STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-

Decedent died on or about January 1, 2023. *Id.* at 3. After his death, both Defendant Nelson and the Estate Defendants made claims to the Decedent's Death Benefit. *Id.* at 5. The Trust remains uncertain about the proper beneficiary or beneficiaries of the Benefit. *Id.* at 5–6. As stated in their Complaint:

> If the Purported Beneficiary Designation was a valid act of Decedent, then under the terms of the Trust's Plan the Death Benefit is due and payable to [Defendant Nelson]. If on the other hand the Purported Beneficiary Designation was not a valid act of Decedent, then under the terms of the Trust's Plan the Death Benefit is due and payable to the Estate Defendants. Plaintiffs are currently unable to pay out the Death Benefit to one or the other set of Defendants without the risk of double liability.

*Id.*

On April 26, 2024, Plaintiffs filed their Complaint requesting to discharge the Trust's obligations by depositing the Death Benefit into the court registry and discharging Plaintiffs from further liability to Defendant Nelson and the Estate Defendants. *Id.* at 6. Plaintiffs ask the Court to require Defendants to litigate among themselves their claims to the Benefit. *Id.* Plaintiffs also ask for reasonable attorney's fees and costs to be paid from the Death Benefit. *Id.* Estate Defendants filed this Motion to Dismiss, arguing that Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6). Motion 2–3.

## STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-

movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Estate Defendants move to dismiss Plaintiffs' claim, arguing that they are entitled to the Death Benefit because the Purported Beneficiary Designation was invalid and Plaintiffs failed to prove compliance with the Trust's Plan. Estate Defendants also argue that Defendants Harju and Leonardo should be dismissed in their individual capacities. In response, Plaintiffs contend that interpleader is appropriate because they are subject to multiple liability as a result of the Purported Beneficiary Designation, and that Defendants Harju and Leonardo should only be dismissed in their individual capacities if they agree to discharge Plaintiffs' potential liability to them. Pls.' Resp. Mot. Dismiss 2–6, ECF No. 15 ("Response"). Plaintiffs also state that Estate Defendants did not make a good faith effort to confer on their Motion, which warrants denial. *Id.* at 2. Because Plaintiffs sufficiently allege a claim for interpleader under Fed. R. Civ. P. 22, Estate Defendants' Motion is DENIED.

**I.  Failure to State a Claim**

Estate Defendants argue that "[P]laintiff[s] should have paid benefits to the Estate and this interpleader should be dismissed as a matter of law." Motion 2. Because Plaintiffs acknowledge that the Purported Beneficiary Designation did not fully comply with the listed requirements, Estate Defendants argue, there is no dispute as to the legitimate beneficiaries of the Death Benefit. Motion 2–4.

Fed. R. Civ. P. 22(1) provides the federal procedure of interpleader:

Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper

> even though . . . the claims of the several claimants . . . are adverse . . . or the plaintiff denies liability in whole or in part to any or all of the claimants.

Fed. R. Civ. P. 22(1). "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)). Interpleader is designed "not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). It is well established that "[a] stakeholder may file an interpleader action to protect itself against 'potential, as well as actual, claims.'" *Kuckenmeister*, 619 F.3d at 1023 (quoting *Ensley*, 174 F.3d at 980). Interpleader actions typically involve two stages. *Id.* (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). First, the court decides whether the requirements for interpleader have been met, that is, whether there is a single fund at issue and multiple adverse claimants to that fund. *Id.* Second, the district court determines the respective rights of each claimant. *Id.*

Estate Defendants argue that, as a matter of law, Plaintiffs should have paid the Death Benefit to the Estate, and the interpleader action should be dismissed. Estate Defendants further contend that "Plaintiff's complaint should be dismissed because [P]laintiff fails to plead whether or not it denied or accepted any party's claim and whether or not it complied with the review provisions under its Plan." Motion 4. Plaintiffs note that they "have a duty to administer their plan of benefits," but that they "are not prepared to make a determination" as to who is entitled to the Death Benefit "only for a court in a later proceeding" to conclude that the Purported Beneficiary Designation was valid and that Defendant Nelson, rather than the Estate Defendants, was the proper beneficiary. Response 4.

5 – OPINION AND ORDER

The Court finds this is an appropriate case for interpleader and Plaintiffs sufficiently allege the elements of interpleader to survive a Motion to Dismiss. Plaintiffs allege a single fund at issue—Decedent's Death Benefit—and multiple, adverse claimants to that fund. As noted above, Plaintiffs allege that both Defendant Nelson and the Estate Defendants made claims to the Decedent's Death Benefit. All Defendants have since affirmed their intention to recover from the Death Benefit. *See* Def.'s Answ. 2–3 (admitting that Defendant Nelson made a claim to the Death Benefit, and stating that "Nelson may have a claim against Plaintiff's" [sic]); *see also* Motion 2 (arguing that "[P]laintiff should have paid benefits to the Estate"). Those claims are adverse because, as alleged in the Complaint, if the Purported Beneficiary Designation was valid, the Death Benefit is payable to Defendant Nelson, and if it was not, the Benefit is payable to Estate Defendants. Plaintiffs' Complaint meets the requirements for Rule 22 interpleader.

Next, Estate Defendants argue that Plaintiffs' Complaint should be dismissed because Plaintiffs did not plead compliance with their Plan, since they allege they received an unsigned beneficiary designation form and did not determine whether that designation was valid. But as in *Kuckenmeister*, here, Plaintiffs may bring an interpleader action where there is only the *potential* for multiple liability. As Plaintiffs note in their Response, there are several ways the Purported Beneficiary Designation could be found legally valid, thus making Plaintiffs liable to both Defendant Nelson and the Estate Defendants. At this stage, it is premature to determine the merits of all Defendants' claims to the Death Benefit, and the interpleader action should be allowed to proceed. *See Kuckenmeister*, 619 F.3d at 1024 ("For interpleader to be held improper based on the merits of the claims being asserted against the fund or stakeholder, courts would be required to address the merits of the claims before the propriety of interpleader. This is backwards of the usual order, and would defeat the resource-conservation purposes of interpleader.").

6 – OPINION AND ORDER

Finally, Estate Defendants argue that Defendants Harju and Leonardo should be dismissed in their individual capacities because "[P]laintiff has not asserted any claim against them individually." Motion 4. Estate Defendants are mistaken on this point. The Complaint names Defendants Harju and Leonardo in their individual capacities and refers to them in combination with the Estate as "Estate Defendants." Complaint 2. The Complaint later alleges that Estate Defendants, which includes Defendants Harju and Leonardo, made a claim to the Death Benefit. *Id.* at 5. Plaintiffs concede that dismissal of Defendants Harju and Leonardo in their individual capacities may be appropriate if those Defendants discharge Plaintiffs' potential liability to them in that capacity. Response 6. But the Court has not seen any such release of liability, and the Complaint sufficiently alleges that Defendants Harju and Leonardo are appropriate parties to this interpleader action.

Accordingly, Plaintiffs' Complaint sufficiently alleges a claim for interpleader, and Estate Defendants' Motion is DENIED.

## II. **Estate Defendants' Failure to Confer**

Given the Court's disposition of Defendants' Motion on the merits, the Court need not consider Plaintiffs' arguments that the Motion should be denied because Estate Defendants failed to make a good faith effort to confer. Plaintiffs state that, though Estate Defendants certified a good faith effort was made to confer with Plaintiffs' counsel, that effort consisted of "a single voice message" left roughly two-and-a-half hours prior to filing their Motion, with two business days remaining to file. The Court notes without deciding that the "good faith effort . . . to resolve the dispute" required by LR 7-1 likely requires more than a single unanswered phone call, with less than three hours' wait before filing a motion subject to that rule. Estate Defendants are cautioned to make more significant conferral efforts with Plaintiffs as this case proceeds.

7 – OPINION AND ORDER

## CONCLUSION

Based on the foregoing, Estate Defendants' Motion to Dismiss (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of September, 2024.

                                                 _____/s/ Michael McShane_____
                                                      Michael McShane
                                                United States District Judge